UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSETTA WITCHARD,

        Plaintiff,

v.                       Case No. 8:15-cv-1109-T-33MAP

ALLIED INTERSTATE, LLC,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Allied Interstate, LLC's Motion to Dismiss Claim Under Telephone Consumer Protection Action Contained in Plaintiff's Second Amended Complaint (Doc. # 27), filed on October 13, 2015. Plaintiff Rosetta Witchard filed a Response in Opposition to the Motion on October 16, 2015. (Doc. # 28). The Court denies the Motion for the reasons that follow.

**I.**    **Background**

Witchard is a Pinellas County, Florida consumer and Medicaid recipient. (Doc. # 26 at ¶¶ 1, 6). She indicates that, after she issued cease and desist instructions, Allied, "a self described 'debt collector,'" continued to contact her regarding a disputed debt. (Id. at ¶¶ 3, 8). Witchard contends that Allied "has no factual basis to allege a consumer debt against Plaintiff" and that Allied "was not entitled to contact Plaintiff after having been notified that

Plaintiff did not want Defendant to contact Plaintiff again." (Id. at ¶¶ 32-33). More specifically, Witchard alleges that "Defendant used automated telephone dialing systems (as defined by the Telephone Consumer Protection Act) to contact Plaintiff via her cell phone, even after Plaintiff revoked consent from Defendant, Defendant continued to make calls to Plaintiff's cell phone." (Id. at ¶ 39).

Witchard accordingly filed this action against Allied on May 7, 2015, and filed the operative Second Amended Complaint on October 6, 2015, containing the following four counts: (1) violation of Section (g) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(g)(FDCPA); (2) violation of Section (d) of the FDCPA; (3) violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (FCCPA); and (4) violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA).

At this juncture, Allied seeks dismissal of the TCPA claim asserted in Count Four. (Doc. # 27). The Motion is ripe for the Court's review. (Doc. # 28).

## II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth

Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**III. Analysis**

Allied has filed a Motion to Dismiss pursuant to Rule 12(b)(6); however, it has not limited its discussion to the four corners of Witchard's operative complaint. Instead,

Allied has asserted a host of its own factual contentions (regarding the date the alleged debt was incurred, the amount of the alleged debt, the nature of the alleged debt, and the number of times Allied attempted to contact Witchard). In addition, Allied has tendered evidence to the Court bearing on whether Witchard gave Bayfront Medical Center and its debt collectors (including Allied) consent to place calls to her cellular phone.

Allied has not suggested any basis for allowing this Court to consider these extrinsic matters at the Rule 12(b)(6) stage, and the Court declines to consider the tendered consent form. The Court specifically notes Witchard's objection to the form as "a hearsay document" that "does noting to rebut the fact that Plaintiff has alleged that she revoked consent and that the ATDA calls continued to be placed to her cell phone . . . without her consent." (Doc. # 28 at 3-4). At this procedural juncture, the Court confines its review to the four corners of the operative complaint. In addition, at this time, the Court declines to convert the motion to dismiss into a motion for summary judgment. Harper v. Lawrence Cty., 592 F.3d 1227, 1232 (11th Cir. 2010)("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the

4

pleadings.").

Upon due consideration of the well-pleaded allegations of Witchard's Second Amended Complaint, which the Court must accept as true at this point in the proceedings, the Court determines that it is appropriate to deny Allied's Motion to Dismiss. In the Court's view, Count Four of the Second Amended Complaint is more than sufficient to raise a right to relief above the speculative level and to state a plausible claim for a violation of the TCPA. As correctly recited by Allied, a TCPA claim is comprised of the following elements: "(1) a call was made to a cell or wireless phone, (2) by the use of an automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." Augustin v. Santander Consumer USA, Inc., 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012)(citing 47 U.S.C. § 227(a)(1)).

Witchard alleges that Allied: "used automated telephone dialing systems (as defined by the Telephone Consumer Protection Act) to contact Plaintiff via her cell phone, even after Plaintiff revoked consent from Defendant, Defendant continued to make calls to Plaintiff's cell phone." (Doc. # 26 at ¶ 39). Witchard also specifies that Allied "contacted Plaintiff by way of automated telephone dialing system and or

5

predictive dialer phone calls to Plaintiff's cell phone on at least October 14, 2014, October 16, 2014, October 17, 2014, October 20, 2014, and October 21, 2014, without express consent and without providing Plaintiff with a validation letter as required by the Fair Debt Collection Practices Act." (Id. at ¶ 58.). These allegations, taken as true for the purpose of addressing the Rule 12(b)(6) Motion to Dismiss, are sufficient to survive Allied's Motion. The Motion to Dismiss is accordingly denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Allied Interstate, LLC's Motion to Dismiss Claim Under Telephone Consumer Protection Action Contained in Plaintiff's Second Amended Complaint (Doc. # 27) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of November, 2015.

*signature*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

6